

The following constitutes the order of the Court.
Signed: February 24, 2026

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

JORGE ALMANZA MARTIN DEL CAMPO,

      Debtor.

Case No.  25-41405 CN
Chapter 11

---

JORGE ALMANZA MARTIN DEL CAMPO,

      Plaintiff,

vs.

TWIN RIVERS CAPITAL, a California Corporation, et al.,

      Defendants.

Adversary No. 26-4003 CN

**SCHEDULING ORDER FOR EVIDENTIARY HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

    On February 24, 2026, the court issued a temporary restraining order prohibiting Defendants from proceeding with the foreclosure sale of Plaintiff's real property located at 4824 Bancroft Ave., Oakland, California, pending an evidentiary hearing on Plaintiff's request for a preliminary injunction.  Accordingly,

**IT IS HEREBY ORDERED** that:

1. An evidentiary hearing on the request for a preliminary injunction is set for **March 5, 2026, at 10:00 a.m.,** in courtroom 215 of the United States Bankruptcy Court, 1300 Clay Street, Oakland, California.

2. By **March 3, 2026**, the parties shall file and serve witness and exhibit lists and shall physically exchange all exhibits that they intend to introduce into evidence (except those documents to be used solely for impeachment).

3. Any additional briefs the parties want the court to consider may be filed by **March 3, 2026.**

***END OF ORDER***

1  Adversary No. 26-4003 CN

2

3                         **COURT SERVICE LIST**

4
   All Recipients are ECF Participants
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURTROOM PROCEDURES

In addition to the "Scheduling Order for Trial," the parties must also comply with the following:

**Trial Exhibits**.  The following provisions govern all exhibits except those used for purposes of impeachment.

   (a) All copies of exhibits shall be pre-marked.  Plaintiff's exhibits shall be identified numerically commencing with "Exhibit No.1".  Defendants' exhibits shall be marked alphabetically commencing with "Exhibit No. A" through "Z", "AA" through "AZ", "BA" through "BZ", etc.

   (b) If a party has 10 exhibits or less, the exhibits shall be marked with the party's number or letter in the lower right hand corner in ink.  If a party has in excess of 10 exhibits, then the party's exhibits shall be assembled in three ring binders.  No binder may exceed three inches in thickness.  The exhibits shall be divided by tabs extending beyond the page on the right hand side and the tab shall bear the number or letter of the exhibit.

   (c) If a party has in excess of 25 exhibits, the party shall contact the Courtroom Deputy and obtain exhibit markers which shall be completed prior to submission of the party's exhibits.  Exhibit markers are to be affixed to the lower right hand corner of the exhibit provided, if the marker would cover any information on the exhibit, then the marker is to be affixed to the reverse side of the exhibit.

   (d) Each party shall prepare an Exhibit List in the attached form.  All items shall be completed with the exception of the date boxes pertaining to identification and admittance which are to be left blank.

   (e) Not later than noon the day preceding the commencement of trial each party shall deliver to the Courtroom Deputy the original and two copies of the party's exhibits, together with the original and two copies of the party's Exhibit List.

   (f) There shall be sufficient copies of exhibits for all counsel participating in the trial.

   (g) The Court expects the parties to stipulate into evidence all exhibits to which there is no objection.

   (h) The Courtroom Deputy will maintain all exhibits whether marked for identification or admitted in evidence.  When counsel wants a witness to examine an exhibit, counsel should ask the Courtroom Deputy to provide the particular exhibit to the witness.

**Demonstrative Evidence**.  The use of sketches, models, diagrams, pictures, summaries, charts, and other demonstrative evidence is encouraged.  Summaries may be required by the Court in actions on account, preferences, or other issues involving voluminous documentation of financial transactions.

The courtroom is equipped with a blackboard and a projection screen for use either during presentation of the case or during argument. However, before electronic equipment can be brought into the Courtroom, prior permission of the Court is required so that the U.S. Marshall's Office can arrange for clearance through the second floor security station.

**Electronic Recording Equipment**. The proceedings are recorded by electronic recording equipment. Counsel are reminded that only one person may speak at a time to avoid overlapping tracks on the tape. The system is quite sensitive but it is helpful if counsel remains in the general vicinity of one of the four microphones located on the counsel tables, the podium, and the witness stand.

There is a counter located on the top of the podium which indexes the recording tape and corresponds to the notes taken by the system operator. By noting the counter reading it is possible to order a portion of a transcript rather than an entire transcript. The system is also capable of repeating a question directed to a witness such as where an objection has been interposed.

**Counsel Tables**. Plaintiff or moving party should utilize the counsel table in the front of, and closest to, the witness stand. The defendant or responding party should utilize the counsel table furthest from the witness stand.

**Witnesses**. Any request to exclude witnesses from the courtroom prior to testimony should be made before opening statements. Witnesses may be called out of order to accommodate subpoenaed witnesses or experts.

A witness may not bring notes, documents, or other papers to the witness stand without permission of the Court. A witness may not be shown such writings during his or her testimony without permission of the Court unless the writings have been marked for identification or admitted in evidence.

**Examination of Witnesses**. Counsel may examine witnesses from the podium, from counsel table, either seated or standing, or may move generally about the courtroom keeping in mind the electronic recording system. Counsel may approach a witness without obtaining prior permission of the Court.

**Attorney Conference Rooms**. Conference rooms are available for use between 8:00 a.m. and 4:30 p.m. As the conference rooms are normally locked for security reasons, please check with the Courtroom Deputy to insure availability. It a conference room is locked upon your arrival at the Courthouse, use the telephone in the Clerk's Office to contact the Courtroom Deputy. Counsel's trial materials may be left in the courtroom during the noon recess provided counsel notifies the Courtroom Deputy at the conclusion of the session so the courtroom may be properly secured.

United States Bankruptcy Court
Northern District of California

A.P. No. _____          Date:_____

Case No. _____          Trial Date:_____

Courtroom:_____          Trial Time:_____

_____ vs. _____

EXHIBIT LIST

(  ) Plaintiff                        Attorney:_____
(  ) Defendants                      _____
                                     _____
                                     _____

| EXHIBIT NUMBER/ LETTER | DATE | | DESCRIPTION |
| | Marked for Identification | Admitted in Evidence | |
| --- | --- | --- | --- |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |